IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC PAUL EKE et al.,

Plaintiffs,

v. No. 1:26-cv-02191-KG-LF

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al.,

Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO EXTEND ANSWER DEADLINE**

THIS MATTER is before the Court on Defendants' Motion to Extend Answer Deadline, filed July 28, 2026. Doc. 8. Plaintiffs oppose the motion. Doc. 9. On July 29, 2026, Chief United States District Judge Kenneth Gonzalez referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 10. After reviewing the briefings, the law, and otherwise being advised, the Court GRANTS the motion.

**BACKGROUND**

On July 7, 2026, pro se Plaintiffs Eric Paul Eke and Gloria Ukamaka Eric, filed their Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus in which they seek an order compelling the federal government defendants to adjudicate their pending immigration forms. Doc. 1. Plaintiffs also filed a motion to proceed *in forma pauperis* ("IFP motion") on July 7, 2026, Doc. 3, and then a motion to expedite consideration of their IFP motion on July 14, 2026, Doc. 4. On July 15, 2026, the Clerk of the Court filed a notice purporting to complete electronic service on "all federal respondents." Doc. 5. Also on July 15, 2026, the Court granted Plaintiffs' IFP motion and motion to expedite consideration of the IFP

motion, and ordered "the USAO to ANSWER the Petition within 10 business days of service of the Petition." Doc. 6. The ten-day period expired on July 29, 2026.

The federal government defendants appeared in this matter on July 28, 2026, and filed a motion to extend their deadline to answer or otherwise respond. Doc. 8. In the motion, Defendants state their belief that this case was erroneously categorized as a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging immigration detention, which would be subject to this Court's standing order filed January 28, 2026.[1] Doc. 8 ¶ 4. The Standing Order authorizes electronic service and sets a minimum ten-day response period. Standing Order at 2. Defendants also note that Plaintiffs' motion to expedite was directed solely at the IFP motion rather than the merits of the case. Doc. 8 ¶ 2.

Defendants argue that, absent the applicability of the Standing Order in this case, their time to respond would be sixty days from the date they were served. Doc. 8 ¶ 5 (citing FED. R. CIV. P. 12). Defendants state that, should their motion for an extension be granted, they will accept service as of July 15, 2026, sixty days from which is September 13, 2026. *Id.* Defendants therefore request an extension of time to respond to the complaint to September 13, 2026. *Id.* Counsel for Defendants also states that he is currently "coordinating with USCIS regarding action which may moot the case in its entirety." *Id.* ¶ 6.

Plaintiffs oppose the motion, arguing that Defendants have not demonstrated good cause to extend the Court's deadline for Defendants to answer the complaint and that they will suffer substantial prejudice should Defendants' deadline be extended. *Id.* at 1–3. Mr. Eke is a doctoral

---

[1] *In the Matter of: Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 26-mc-00004-03, at 1 (D.N.M. Jan. 28, 2026), available at https://www.nmd.uscourts.gov/sites/nmd/files/general-ordes/26-MC-04-03_Standing%20Order%20Habeas%20Petitions.pdf [hereinafter "Standing Order"].

candidate at the University of New Mexico, Doc. 1 ¶ 4, and is scheduled to defend his dissertation this August and expects to graduate this fall, Doc. 4 at 1. Mr. Eke states his intention "to transition immediately into full-time employment" upon graduation and describes how his current immigration status has stymied his efforts to secure post-graduate employment. Doc. 9 at 3. Plaintiffs therefore ask the Court either to deny Defendants' motion entirely or to grant no more than a seven-day extension. *Id.* at 4.

**ANALYSIS**

Courts may extend deadlines upon of a showing of good cause "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." FED. R. CIV. P. 6(b)(1)(A). Here, Defendants requested an extension before their answer deadline of July 29, 2026, had passed, and the Court finds good cause to extend Defendants' time to answer for the following reasons.

Defendants are correct that there currently is a standing order that authorizes electronic service of process "[i]n all cases where an alien detainee has filed a habeas corpus petition under 28 U.S.C. §§ 2241 et seq., which challenges the decision of a federal agency to hold the alien in custody[.]" *In the Matter of: Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 26-mc-00004-03, at 1 (D.N.M. Jan. 28, 2026). The standing order further states that in such cases, "the Court will fix the time by which response must be made, which will be no less than ten business days." *Id.* at 2. This matter is not a habeas corpus petition filed pursuant to § 2241, and Plaintiffs do not claim to be detained. *See* Doc. 1. None of the parties have identified, nor has the Court been able to locate, an authority authorizing electronic service and a truncated briefing schedule for mandamus actions in which a plaintiff is not detained. Nor

does the Clerk's notice of electronic service cite the Standing Order or any other authority as authorizing electronic service in this matter. *See* Doc. 5.

Service of process on the federal government ordinarily must be effected through the requirements of Federal Rule of Civil Procedure 4(i), which "is a lengthy and complicated rule." *Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003). Once the lengthy and complicated requirements of Rule 4(i) are met, a federal government defendant then ordinarily has sixty days with which to serve an answer. *See* FED. R. CIV. P. 12(a)(2)–(3). In other words, if Defendants are correct that the Clerk's notice of electronic service did not constitute effective service on them, then Plaintiffs—and the Court—will need to wait first for the requirements of Rule 4(i) to be met, and Defendants then would have sixty days from the date effective service is accomplished to answer or otherwise respond. *See* FED. R. CIV. P. 4(i), 12(b)(2)–(3). However, Defendants have stated that, should their deadline to respond be extended to September 13, 2026, they would "not request separate service and accept service as of July 15, 2026." Doc. 8 ¶ 5. While the Court understands Plaintiffs' desire to have this matter adjudicated as quickly as possible, denial of Defendants' request for extension likely would result in far greater delay.

Further, while the Court did grant Plaintiffs' motion for expedited consideration, that motion was explicitly limited to consideration of their IFP motion and not the merits of their case. *See* Doc. 6. In the motion, Plaintiffs specifically stated that they did "not seek expedited consideration of the merits of their claims" and "request only that the Court rule on the pending IFP Application so this action may advance without delay." Doc. 4 at 1. Plaintiffs requested expedited consideration of their IFP motion, in part, "to allow issuance of summonses and service of process so that this mandamus action can proceed in the ordinary course . . . ." *Id.* Defendants have offered to accept service if the Court grants them this extension, thus rendering

issuance of summonses and service of process unnecessary. *See* Doc. 8 ¶ 5. The Court finds that Defendants' proffered solution will allow this matter to be decided on the merits as soon as practicable.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Extension of Time to Extend Answer Deadline (Doc. 8). No later than **September 13, 2026**, Defendants shall answer or otherwise respond to the complaint (Doc. 1).

IT IS SO ORDERED.

**THE PARTIES ARE NOTIFIED that pursuant to Local Rule 73.1(a), a magistrate judge is assigned to this case "to preside over all non-dispositive pre-trial matters in accordance with FED. R. CIV. P. 72(a)." D.N.M.LR-Civ. 73.1(a). "A party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("[T]he firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)."). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions." *Id.* at 781 n.23 (citation modified); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").**

Laura Fashing
United States Magistrate Judge